UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICTORIA TAYLOR,

    Plaintiff,

vs.

INTERNAL REVENUE SERVICE

    Defendants.

Case No. 1:23-cv-453

McFarland, J.
Bowman, M.J.

# MEMORANDUM OPINION

Plaintiff filed the instant action against the Internal Revenue Service ("IRS") after she was unable to obtain her tax record from the IRS. (See Doc. 1). Thereafter, Defendant IRS filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative motion for summary judgment. (Doc. 11). Defendant argues, *inter alia,* that Plaintiff's complaint fails to state a claim for relief upon which relief may be granted because she does not allege that she submitted a FOIA request to the Internal Revenue Service in order to receive her tax records. Plaintiff also filed a request for hearing on the motion to dismiss. (Doc. 17).

The case was then set for a status conference. On December 12, 2023, the parties appeared, by telephone, wherein the Court and the parties discussed possible resolution of Plaintiff's request for tax records. Plaintiff was to submit Form 4506, Request for Copy of Tax Return, with the required fee and inform Defendant's counsel when it is submitted. The undersigned further ordered the parties to provide a status update report to the Court

1

on or before March 11, 2024.

Thereafter, the IRS provided a status report on March 10, 2024, wherein the IRS reported that the Service's Wage & Investment Division received Plaintiff's Form 4506 on December 29, 2023. The IRS further reported that an issue with Plaintiff's Form 4506 prevented expedient pre-processing review of the request, but the Wage & Investments Division is now processing the Form and awaiting results.  The IRS further stated that it believes this case can be resolved entirely through the pending dispositive motion.

On March 15, 2024, Plaintiff filed a motion asking the Court to freeze the ongoing audit at the IRS.  (Doc. 25).  In response, the IRS filed a motion to strike Plaintiff's motion to freeze the ongoing audit, or in the alternative an extension of time to respond to the motion.  (Doc. 26).  The IRS argues that this case involves disclosure of agency records. As such, any relief granted by this Court is limited to ordering disclosure of agency-withheld records. Any alleged audit or penalty assessments by the Service therefore have no bearing on the subject matter of the litigation. (Doc. 26 at 3)(internal quotations and citations omitted).

In response to the IRS' motion to strike, Plaintiff contends that she should not be forced to work through FOIA on any level as Plaintiff has a perfect tax/work record…" (Doc. 28 at 3).  Plaintiff further argued that her request for records has gone "without any fulfillment at all." (Id. at 2). The IRS also filed a reply in support of its motion to strike. (Doc. 30).  The IRS contends that Plaintiff continues to raise immaterial and impertinent subject matter.  Plaintiff cites no case or statute for her repeated contentions that the Service must supply her the records she seeks.  The IRS further argues that Plaintiff does not attempt to counter the Service's main argument that her suit for disclosure of records

cannot be expanded to enjoin the Service from its regular assessment activities.

Upon careful review the undersigned finds that the IRS' motion to strike Plaintiff's motion to freeze the ongoing audit (Doc. 26) is well-taken. As noted by the IRS, this case involves the disclosure of tax records, not an audit or penalty assessments by the IRS. Accordingly, the IRS' motion to strike (Doc. 26) is herein **GRANTED**; and the **CLERK** is **DIRECTED** to **STRIKE** Plaintiff's motion (Doc. 25) from the active docket of this matter.

Additionally, the IRS filed another status report on April 22, 2024, wherein it reported that an issue with Plaintiff's Form 4506 has still prevented expedient pre-processing review of the request. However, the status report did not indicate what issue prevented the expedient review of Plaintiff's request and/or if the form was rejected. Accordingly, the parties are to provide a status update to the Court in **14 days** outlining the issues that continue to prevent processing of Plaintiff's request and/or the reasons the form was rejected.

**IT IS SO ORDERED.**

                                                 _s/ Stephanie K. Bowman_
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge