UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICTORIA TAYLOR,

       Plaintiff,

vs.

INTERNAL REVENUE SERVICE,

       Defendant.

Case No. 1:23-cv-453

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendant, the Internal Revenue Service ("IRS"), motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or Fed. R. Civ. P. 12(b)(6) or failure to state a claim upon which relief may be granted, or in the alternative, for summary judgment. (Doc. 11). For the reasons explained below, the undersigned finds the motion should be denied.

**I. Background and Facts**

Plaintiff filed the instant action on July 18, 2023, asking the Court to "demand the IRS provide me my full tax record …" (Doc. 1 at 4). Plaintiff claims that her Social Security was "defrauded", and she needs to obtain her tax records in order to correct her Social Security records. Id. at 6. In this regard, Plaintiff alleges that "IRS refuses to allow me my tax records" and that "[a]fter numerous phone calls, letters, meetings, subpoenas, and a Power of Attorney given to Victoria Taylor's tax CPA, the IRS has also refused in writing to allow Victoria Taylor's tax CPA to get her tax records." (Id. at 6).

1

Plaintiff's Complaint also includes a letter purporting to be from Plaintiff's accountants ("CPA Letter"), stating that (1) "A formal request was made to the IRS on December 2, 2022, for the 2013 to 2020 income tax returns using form 4506 along with a check for $344.00"; (2) "On March 13, 2023, the IRS rejected Ms. Taylor's request (with no further explanation) for the 2013-2020 income tax return copies and had returned her payment"; and (3) "We have exhausted all avenues with the IRS on getting copies of Ms. Taylors [sic] prior income tax returns." (Id. at 8.)

**II. Standards of Review**

*A. Subject matter jurisdiction under Rule 12(b)(1)*

Motions to dismiss under Rule 12(b)(1) can assert either facial attacks or factual attacks on a court's subject matter jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Where a facial attack on the subject matter jurisdiction alleged by the complaint is made, the moving party merely questions the sufficiency of the pleading. *Id.* In reviewing such a facial attack, a trial court takes the allegations in the complaint as true. *Id*. On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Id*. The court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id*.

A motion to dismiss based on subject matter jurisdiction generally must be considered before a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 592 (S.D. Ohio 2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth*., 895 F.2d 266, 269

(6th Cir. 1990)) (explaining that a Rule 12(b)(6) challenge becomes moot if the court lacks subject matter jurisdiction).

*B. Failure to state a claim under Rule 12(b)(6)*

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The Court is required to construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations in the complaint as true. *Lewis v. ACB Business Servs., 135 F.3d 389*, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences that are presented as factual allegations*. Id.* A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Id.* at 406. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Factual allegations therefore "must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

**III. Analysis**

Defendant contends that Plaintiff has not submitted a proper FOIA request to obtain her tax record and therefore she has not exhausted her administrative remedies prior to filing this suit. Thus, Defendant contends the Court should dismiss this suit under

Federal Rule 12(b)(1) for lack of subject matter jurisdiction or Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The undersigned disagrees.

*1. The Freedom of Information Act (FOIA)*

Government agencies are required to make certain information available to the public. See 5 U.S.C. § 552(a)(1)-(2). "Except with respect to the records made available under paragraphs (1) and (2) of this subsection, and except as provided in subparagraph (E), each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A) (emphasis added). "In response to a FOIA request, an agency must make a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information." *Rugiero v. U.S. Dept. of Justice*, 247 F.3d 534, 547 (6th Cir. 2001) (citing *Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998)). "The FOIA requires a reasonable search tailored to the nature of the request." *Id*. (citing *Campbell*, 164 F.3d at 28 (emphasis added)).

Defendant IRS notes that the FOIA is the exclusive remedy for compelling a federal agency to produce records. *Johnson v. Exec. Off. for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (holding that FOIA's "comprehensive scheme" provides exclusive remedy for claims arising from withholding of agency records). Thus, the FOIA is the only possible jurisdictional hook for Plaintiff's claim and without its invocation here, this Court lacks jurisdiction and Plaintiff has failed to state a claim. *See Powell v. IRS*, No. CV 16-1682, 2017 WL 2799934, at *1 (D.D.C. Jan. 24, 2017) (collecting cases and holding that "[t]o

invoke the jurisdiction of a federal district court, requests for tax-return information must comply with the procedures set forth under FOIA[.]"); *Barhite v. Caruso*, 377 F.App'x 508, 510 (6th Cir. 2010) (finding that even a pro se "complaint must contain either direct or inferential allegations respecting all the material elements to recover under some viable legal theory.") (internal quotation omitted).

Plaintiff has not attached copies of a Form 4506 to her complaint or otherwise asserted that she properly filed the form or that she complied with the IRS regulations. She does, however, attach a letter from her alleged accountant that states "A formal request was made to the IRS on December 2, 2022, for the 2013 to 2020 income tax returns using form 4506 along with a check for $344.00. Form 4506 is used to request actual copies of the filed income tax returns." However, the letter is address to "Dear Sir or Madam" and there is no indication on the letter to whom or where it was sent.

Form 4506 is the form used to request copies of tax returns. See 26 C.F.R. 601.702(d)(1). However, if a request is not in accordance with IRS regulation 26 C.F.R. § 601.702(d)(1), it likewise will not comply with 5 U.S.C. § 552(a)(3)(A)(ii). *See Powell v. IRS*, E.D.Mich. No. 2:15-cv-11033, 2016 U.S. Dist. LEXIS 179806 at 26 (Apr. 20, 2016).

2. *Exhaustion*

Before coming to Court with a FOIA claim, a Plaintiff must exhaust her administrative remedies by first appealing the adverse decision within the agency. See, *Auto All. Int'l v. U.S. Customs Serv.*, 155 Fed.Appx. 226, 228 (6th Cir. 2005) ("Exhaustion of administrative remedies is a threshold requirement to a FOIA claim."). A district court has jurisdiction to hear a FOIA claim only if the plaintiff demonstrates that

5

an agency has improperly withheld agency records. *Stewart v. U.S. Dep't of Veterans Affairs*, No. 1:13-cv-494, 2013 WL 4758034, at *3 (N.D. Ohio Sept. 4, 2013) (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 455 U.S. 136, 148 (1980)). The plaintiff must also undertake "full and timely exhaustion of administrative remedies" before seeking judicial review. *See Auto Alliance Int'l*, 155 at 228; *Miller v. F.E.C.*, 2013 WL 4243044, at *4 (S.D. Ohio 2013) (citing *Reisman*, 14 Fed.Appx. 377, 379, 2001 WL 856960, at *2). *See also,* 26 CFR 601.702(c)(13) which sets forth when a requestor has exhausted her administrative remedies or otherwise may file a judicial complaint.

Thus, to survive dismissal, a FOIA plaintiff must "provide sufficient information to establish that [they] exhausted [ ] administrative remedies or that the [agency] improperly withheld agency records." *Stewart*, 2013 WL 4758034, at *5. To successfully exhaust these remedies, "a party requesting agency records under the FOIA must comply with the procedures set forth in the regulations promulgated by that agency." *Calhoun v. Dep't of Justice*, 693 F. Supp. 2d 89, 91 (D.D.C. 2010) (describing 5 U.S.C. § 552(a)(3)(A)).

Here, Plaintiff's complaint does not allege she submitted a FOIA request to the Internal Revenue Service in order to receive her tax records. Notably, in response to Defendants motion to dismiss, Plaintiff states that "no FOIA request has or will be filed."[1] (Doc. 18 at 2). Plaintiff also mistakenly argues that FOIA is not applicable to this matter. However, as noted above, the FOIA is the exclusive remedy for compelling a federal agency to produce records. *Johnson v. Exec. Off. for U.S. Attorneys*, 310 F.3d 771, 777

---

[1] It appears that Plaintiff may be mistaken on what falls under the umbrella of a FOIA request. As set forth in 26 C.F.R. 601.702(d)(1) and 5 U.S.C. § 552(a)(3)(A)(ii), form 4506 does fall under the broader FOIA umbrella.

6

(D.C. Cir. 2002). *See Powell v. IRS*, No. CV 16-1682, 2017 WL 2799934, at *1 (D.D.C. Jan. 24, 2017) (collecting cases and holding that "[t]o invoke the jurisdiction of a federal district court, requests for tax-return information must comply with the procedures set forth under FOIA[.]")

In sum, Plaintiff's complaint fails to allege any basis for jurisdiction. Although she seeks to obtain her tax records, she fails to allege in her complaint that she submitted a FOIA request to receive those records. More importantly, Plaintiff has not alleged any facts to suggest she exhausted her administrative remedies. Therefore, this Court is precluded from exercising subject-matter jurisdiction over Plaintiff's FOIA claim. See 5 U.S.C. § 552(a)(6)(A)(i)-(ii).

### IV. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ. P. 12(b)(1) (Doc. 11) is well-taken and should be **GRANTED** and this matter be **TERMINATED** on the active docket of the Court.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICTORIA TAYLOR,

      Plaintiff,

vs.

INTERNAL REVENUE SERVICE,

      Defendant.

Case No. 1:23-cv-453

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).